Citation Nr: 1513787 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 13-16 621 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUE

Entitlement to one-time payment from the Filipino Veterans Equity Compensation Fund, as the surviving spouse of a Veteran.


ATTORNEY FOR THE BOARD

James A. DeFrank, Counsel


INTRODUCTION

The appellant contends that her husband served with the recognized guerillas in the Philippines. Her husband died in April 2011 and she is the surviving spouse.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a June 2011 and January 2012 decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines, which determined that the appellant was not eligible for a one-time payment from the Filipino Veterans Equity Compensation Fund based on the military service of her late spouse.

The Board notes that, in addition to the paper claims file, there is a Virtual VA electronic claims file associated with the Veteran's claim. A review of the documents in the electronic file reveals additional evidence that will be considered by the Board in this appeal.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board finds that additional development is required before the appellant's claim is decided. 

The RO has undertaken efforts to determine whether the appellant's late husband had service as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the service of the United States Armed Forces. The RO requested service verification on several occasions from the National Personnel Records Center (NPRC) in accordance with policies and procedures in place at that time. 

The United States Court of Appeals for Veterans Claims (Court) has taken judicial notice of a Memorandum of Agreement (MOA) between the Department of the Army and the National Archives and Records Administration (NARA) that purported to transfer "responsibility for providing reference services on the collection of Philippine Army files and archives buildings" to NARA indefinitely, and determined that it was unclear whether the MOA assigned NARA the authority to make administrative determinations verifying service, or assigned NARA the duty to act simply as a reference librarian. The Court found that the ambiguity in the MOA precluded it from finding that the Department of the Army delegated its duty to make administrative determinations verifying service to NARA, or its agency, the NPRC. Therefore, the Court held that absent evidence of a statutorily delegated duty, the plain meaning of 38 C.F.R. § 3.203(c) required verification of service from the relevant service department. Tagupa v. McDonald, --- Vet. App. ----, 2014 WL 4199213 (Aug. 26, 2014). 

Therefore, because the verifications of service issued by NPRC do not meet the criteria of 38 C.F.R. § 3.203(c), this case must be remanded for verification of service by an appropriate United States service department or an agency to which the authority has been properly delegated.

Accordingly, the case is REMANDED for the following action:

1. Conduct the appropriate development to verify whether the appellant's husband had service as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the service of the United States Armed Forces. 
 
2. Then, readjudicate the claim. If any decision is adverse to the appellant, issue a supplemental statement of the case and allow the appropriate time for response. Then return the claim to the Board.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).